Judge Underwood
delivered the opinion of the Court,
Ewing being the owner of a slave, occasionally hired him to work on board steam boats. Tyson, as captain of a steam boat, made a contract with the slave, or permitted some one engaged on board the boat, to make the contract, by which the slave was received on board as a hand, and performed one trip out from Louisville. To all this, Ewing gave no consent. He was not consulted on the subject. Upon the return of the boat, Tyson paid the slave the wages due for his services, and discharged him. The slave did not go home to his master! Ewing notified Tyson of the fact, who thereupon found the slave and restored him, after he had been absent and out of his master’s service about two months. For the iirst month the services of the slave were proved to be worth $15, and $20 for the second. Upon the foregoing facts, Ewing instituted an action of trespass vi et amis, against Tyson, averring in the declaration, a forcible seizure, taking and carrying away, keeping and detaining, and converting the slave to the use of Tyson.
Trespass m et .armis, may be maintain-sd by owner, for privation of possession of slave, tho> no force employed by wrong doer.
'In all oases of trespass quare clausum fregit force is implied.
I'resp’ass lies or enticing may slave, n trespass, uries are au-horized to five smart naney.
Plea; not guilty/ Verdict and judgment in favor of the plaintiff, for $100 damages. A new trial was moved for, b'ut overruled. Tyson prosecutes a writ of error. Two errors are .assigned: 1st. That the action should have been case and not trespass. 2d. That the damages are excessive.
As to the'first point, Ewing had the absolute or general property in the slave, and could maintain trespass for the injury, provided it was direct and immediate, although no breach of the peace was committed with the master, or actual violence inflicted on the slave, in order to get possession of him, by — — ’ & r . • - ’ Tyson. Chitty, in treating of actions, in form ex delicto, lays it down that, “force in legal consideration, is of two discretion's, either implied by law, or actual,” and proceeds to illustrate the difference between actual and implied force, by stating cases.
In all cases of trespass, quare clausum fregit, force is implied; and the same rule prevails where a wife, daughter or servant has been enticed away or debauched, though, in fact, they consented, the law considering them incapable of consenting, and trespass may be supported, though case for the consequence of the wrong appears to be the more proper form of declaration;” I. Chitty, 124, and authorities there referred to.
If trespass can be maintained for enticing away a servant in England, much more may it be maintained in this country, for enticing away a slave, whose will and moral existence are less recognized than those of servants in England. Here slaves, although protected in life and limb, by the humanity of our laws, arc, nevertheless, regarded as property, in the strictest sense of the term. And so far as it respects the form of the action, we do not feel ourselves authorized to discriminate between them and any other kind of property. The action of trespass was, therefore, well conceived in the present case, the evidence conducing to show that the slave of Ewing was enliced by the prospect of reward, into the service of Tyson.
Upon the second point, we are of. opinion that the damages are not so outrageous as would require a aew trial of the court. Inactions of trespass, juries *187 are authorized to give what is denominated smart money. If trespassers were bound to pay in damages no more than the exact' value of-the property, forcibly taken and converted by them, there would be no motive created by the operation of the law, to induce them to desist and abstain from invading the rights of others. To furnish such a motive, smart money is allowed. In this case, it is not so enormous as to show that the jury must have been influenced in their finding, by passion or prejudice. Their verdict may have been the result of deliberate judgment on their part.
Duncan, for plaintiff; Crittenden, for defendant.
Wherefore, the judgment of the' circuit court is affirmed with costs.